UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES L. SIMMONS,

     Applicant,

v.                                           CAE NO. 8:15-cv-2417-T-23JSS

SECRETARY, Department of Corrections,

     Respondent.

_____/

# O R D E R

     Charles L. Simmons applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 4) and challenges the validity of his state conviction for sexual battery on a child less than twelve, for which conviction Simmons serves life imprisonment. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 9) The respondent admits the application's timeliness. (Doc. 9, p. 6)

# FACTS[1]

     Simmons lived with the victim and her mother. When the victim was eight years old, Simmons twice had the victim perform oral sex on him. Simmons was arrested and charged with sexual battery by a person eighteen or older on a child less than twelve. A jury convicted Simmons and the judge sentenced him to life imprisonment.

---

[1] This factual summary derives from Simmons's brief on direct appeal and the record. (Respondent's Exhibits 2 and 5)

# STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

governs Simmons's application. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210

(11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a

highly deferential standard for federal court review of a state court adjudication,

states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim —
>
> > (1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light
> > of the evidence presented in the State court
> > proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court

interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of
> a federal habeas court to grant a state prisoner's application for
> a writ of habeas corpus with respect to claims adjudicated on
> the merits in state court. Under § 2254(d)(1), the writ may issue
> only if one of the following two conditions is satisfied — the
> state-court adjudication resulted in a decision that (1) "was
> contrary to . . . clearly established Federal Law, as determined
> by the Supreme Court of the United States" or (2) "involved an
> unreasonable application of . . . clearly established Federal law,
> as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may
> grant the writ if the state court arrives at a conclusion opposite

to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question . . . .") (citing *Richter*); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 572 U.S. at 419). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. "[T]he State may rebut the presumption by showing that the unexplained affirmance relied or

most likely did rely on different grounds than the lower state court's decision . . . ." *Wilson*, 138 S. Ct. at 1192.

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Simmons's conviction and sentence. (Respondent's Exhibit 9) In another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Simmons's Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 15) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

As *Pinholster*, 563 U.S. at 181–82, explains, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim

> on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

Simmons bears the burden of overcoming by clear and convincing evidence a state court's fact determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Simmons's post-conviction claims warrants deference in this action. (Respondent's Exhibit 11, Order Denying Rule 3.850 Motion for Post-Conviction Relief)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Simmons claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Simmons must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet this burden, Simmons must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Simmons cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). The required extent of counsel's

investigation was addressed recently in *Hittson v. GDCP Warden*, 759 F.3d 1210, 1267

(11th Cir. 2014), *cert. denied sub nom., Hittson v. Chatman*, 135 S. Ct. 2126 (2015):

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317. "[C]ounsel has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added). "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Chandler*, 218 F.3d at 1318. "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins*, 539 U.S. at 527, 123 S. Ct. at 2538.

*See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (confirming that counsel has no duty

to raise a frivolous claim).

Under 28 U.S.C. § 2254(d) Simmons must prove that the state court's

decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States or

(2) . . . based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." Sustaining a claim of ineffective assistance

of counsel is very difficult because "[t]he standards created by *Strickland* and

§ 2254(d) are both 'highly deferential,' and when the two apply in tandem, review

is 'doubly' so." *Richter*, 562 U.S. at 106. *See also Pinholster*, 563 U.S. at 202 (An

applicant must overcome this "'doubly deferential' standard of *Strickland* and [the]

AEDPA."), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011)

("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 134 S. Ct. 191 (2013).

In denying Simmons's motion for post-conviction relief, the state court recognized that *Strickland* governs a claim of ineffective assistance of counsel. (Respondent's Exhibits 4E and 4G) Because the state court correctly recognized that *Strickland* governs each claim of ineffective assistance of counsel, Simmons cannot meet the "contrary to" test in Section 2254(d)(1). Simmons instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. In determining "reasonableness," a federal application for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

**Ground Two**

Appellate counsel wrote a letter to Simmons in which counsel states that "perhaps there does exist some newly discovered evidence that might discredit the alleged victim." Simmons contends that this statement indicates that his trial counsel rendered ineffective assistance by not utilizing some unspecified evidence at trial. Simmons further contends that his trial counsel rendered ineffective assistance by not objecting at trial when the state allegedly bolstered the victim's credibility.

<u>Letter</u>

The state post-conviction court summarily denied Simmons's claim of ineffective assistance of trial counsel based on appellate counsel's letter as follows (Respondent's Exhibit 11, Order Denying 3.850 Motion for Post-conviction Relief, pp. 3–4):

> Defendant alleges ineffective assistance of counsel. Specifically, he asserts counsel advised him by letter, which he attached to his motion, that there is newly discovered evidence that might discredit the victim.
>
> This claim is without merit. By letter dated July 8, 2013, Defendant's counsel wrote to him to advise that the Second District Court of Appeal *per curiam* affirmed his conviction and sentence. Counsel then went on to advise him that his remaining legal option is a motion for post-conviction relief. He wrote:
>
>> In a motion for post-conviction relief, you can raise a number of issues including the ineffectiveness of trial counsel and newly discovered evidence.
>>
>> In your case, perhaps there does exist some newly discovered evidence that might discredit the alleged victim. One of the difficulties on raising this claim, however, is that the evidence could not have been "discovered" through reasonable efforts at the

original trial proceeding. If the evidence could have
been discovered but was not, a claim of ineffective
assistance of counsel might have merit.

To be successful in a post-conviction claim, a
defendant must show a reasonable probability that
the outcome of the trial proceedings would have
been different had not the error or omission
occurred. This standard is a difficult burden. The
prosecution in your case relied almost exclusively
on the testimony of the alleged victim. Because her
credibility is highly questionable, I believe your
case offers better prospects than most to meet this
burden. Of course, meeting this burden depends on
your finding a valid post-conviction claim.

Defendant's counsel did not advise him there was newly
discovered evidence; rather, he was apparently attempting to
counsel Defendant on what claims he could raise in a motion
filed pursuant to Rule 3.850. This letter is not evidence of either
ineffective assistance of counsel or newly discovered evidence.
Accordingly, [this] claim . . . is denied.

As the state court noted, appellate counsel's letter does not advise Simmons that

evidence exists that trial counsel failed to either discover or utilize. The letter only

suggests that such evidence might exist. Simmons establishes neither that his trial

counsel performed deficiently nor that he suffered prejudice from counsel's alleged

error. Consequently, Simmons cannot obtain relief because *Strickland's* requirements

remain unsatisfied. Simmons fails to meet his burden of proving that the state court

either unreasonably applied *Strickland* or unreasonably determined the facts by rejecting

this claim of ineffective assistance of trial counsel. 28 U.S.C. § 2254(d)(1), (d)(2).

Bolstering by the state

Simmons contends that his trial counsel rendered ineffective assistance by not

objecting at trial when the state allegedly bolstered the victim's credibility. Although

Simmons included this allegation in his amended Rule 3.850 motion, the state post-conviction court neither construed the allegation as an independent substantive claim for relief nor addressed the merits of the allegation in its order denying the amended Rule 3.850 motion. (Respondent's Exhibit 11, Order Denying 3.850 Motion for Post-conviction Relief, pp. 3–4) Consequently, the claim requires *de novo* review because "the present controversy falls outside of [Section] 2254(d)(1)'s requirement that [the federal court] defer to state court decisions that are not contrary to, or an unreasonable application of, clearly established federal law." *Davis v. Sec'y, Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003) (citation omitted). *See also Cone v. Bell*, 566 U.S. 449, 472 (2009) (explaining that "[i]f the state court did not reach the merits of a petitioner's claim based on some ground that is not adequate to bar federal review, we must review the claim *de novo*."); *Williams v. Ala.*, 791 F.3d 1267, 1273 (11th Cir. 2015) (noting that "[u]nder § 2254(d), AEDPA's deferential standard of review is limited to claims that have been 'adjudicated on the merits' in state court.").

The record shows that trial counsel strategically chose to not object to the prosecutor bolstering the victim's credibility. During the trial the prosecutor, trial counsel, and the trial judge discussed the admissibility of such testimony as follows (Respondent's Exhibit 2, pp. 238, 252–58):

> [Counsel]: Part of our defense is that she's a serial accuser. She's made accusations against eight other people and her brother. So during her 18 years of life, she's made accusations against nine different people that they've sexually abused her and that's part of our defense, is that she's coming out with accusations against all these other individuals.

. . . .

Court: I'm going to allow him to ask [the victim] who else she has accused her . . . I mean, who has abused her. I'm going to allow that to state the names without going into the facts.

. . . .

[Prosecutor]: But Judge, under the rape shield statute, it says that her sexual conduct cannot be brought into play.

Court: Well, it's not her sexual conduct. I mean, this young lady goes back to eight years old and I think the statement that she recanted will show bias and motive regarding . . . this man because she said it from the beginning she didn't trust any man, and I think that that could show bias or motive and noting how serious this case [is], I'm going to give any benefit that I can to the defense in this.

. . . .

[Counsel]: I think what is important there, Judge, is we're not arguing whether any of those cases are true or happened or didn't happen. That's not our argument. What we're saying is, we're painting the picture and in the context of her then coming forward, she's accusing all these other people too at the same time. We're not going to argue that those were or were not true. It's just . . . it puts the entire, her coming out and making the accusation of Charles Simmons in context that at that time she's also accusing all these other people.

. . . .

Court: But if she has accused these people and if [the prosecutor] . . . I think [the prosecutor] then should have an opportunity to say, well, she accused this person as a matter of fact. Were they found guilty or they pled guilty or what's the deal?

[Prosecutor]: Well, I would have in the testimony involving Jennifer Williams, I would have the testimony of a detective to whom she admitted that she . . . to whom the defendant admitted that she engaged in sexual conduct, that Victoria Williams admitted that she engaged in that sexual conduct . . . she pled, whether that comes in or not . . . that Gary Mays admitted to

having sexual contact with the victim, that Jordy Hill admitted to having sexual contact with the victim . . .

[Counsel]: You know what, Judge, I have no problem with that.

[Prosecutor]:  . . . and Alejandro Rodriguez admitted to having sexual contact with the victim. The only one who hasn't admitted having sexual contact with her is the one defendant.

[Counsel]: If [the prosecutor] wants to elicit that testimony in order to bolster her credibility, I have no objection to that. . . . Your Honor, what I tried to establish with her is that her mother despises, has intent [sic] hatred for Mr. Simmons. . . . It continues to this day. They have animosity and I think that's going to come out during the rest of the trial. At this time she was estranged from her mother. She had run away from her home. She was getting in trouble. What we're saying is that she then comes forward and is accusing all these people of these things and includes . . . in order to curry sympathy or curry favor with her mother and then she includes a person amongst all the other people that her mother hates more than any other person in the world and that's Charles Simmons.

Court: Okay. So you're willing to run the risk of naming all these other people that she accused of allegedly sexually abusing her and then also understanding that, to balance that out, the State would have the right to show testimony that some of those people . . .pled guilty or were found guilty; is that what you're saying?

[Counsel]: Well, I think that's not what [the prosecutor] said she was going to do. What she said she was going to do is have a detective testify that some of these people admitted to it. . . . I think that's fair. I agree that that cuts both ways.

Court: Yeah, it does cut both ways and as long as you're willing to take that chance because they may think, well, this young lady is a very, very unfortunate young lady, she gets abused all the time. So I mean, I'm not going to decide that but I think it is relevant . . . I know you asked that question . . . to show how many times she has raised the issue of when she's been abused. I mean, she's only 18 years old now. But again, you run the risk of, you know, [the prosecutor] bringing in detectives in here and saying, well, as a matter of fact, yes, she was abused because the person said that they abused her. So you're willing to do that?

[Counsel]: Yes, sir.

Counsel's foregoing an objection to bolstering the victim's credibility was a strategic decision entitled to deference. *Dorsey v. Chapman*, 262 F.3d 1181 (11th Cir. 2001), *cert. denied*, 535 U.S. 1000 (2002); *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001). The only question is whether counsel's strategic decision was "reasonable." *See Minton v. Sec'y, Dep't of Corr.*, 271 F. App'x 916, 918 (11th Cir. 2008)[2] ("The Supreme Court has 'declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'") (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)); *Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision . . . appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"). A defendant's disagreement with counsel's tactics or strategy will not support a claim of ineffective assistance of counsel. *See Chandler*, 218 F.3d at 1314 (finding that counsel is not incompetent for performing in a particular way in a case as long as the approach taken "might be considered sound trial strategy").

Even assuming that counsel performed deficiently by not objecting, Simmons fails to demonstrate that such objection and exclusion of the challenged testimony would have resulted in his acquittal. Absent a showing of prejudice, Simmons cannot

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

obtain relief because *Strickland's* requirements remain unsatisfied. Simmons fails to meet his burden of proving that the state court either unreasonably applied *Strickland* or unreasonably determined the facts by rejecting this claim of ineffective assistance of trial counsel. 28 U.S.C. § 2254(d)(1), (d)(2).

**Ground One**

Simmons contends that his appellate counsel rendered ineffective assistance by not raising on direct appeal a claim of ineffective assistance of trial counsel. Simmons alleges that "Florida's deliberate relegating ineffective assistance of trial counsel claims outside the guaranteed direct appeal process" violates his federal rights to the effective assistance of counsel, due process, and equal protection. The respondent correctly asserts that this ground is unexhausted and procedurally barred because Simmons did not raise the ground in the state courts. In his reply Simmons neither contests the respondent's assertion of the procedural bar nor asserts entitlement to an exception to overcome the default. Simmons replies that he "does not take issue with this ground." (Doc. 20, p. 8) Accordingly, Simmons is not entitled to federal review of ground one.

**Ground Three**

Simmons contends that the trial court lacked jurisdiction under state law to either enter a judgment or impose a sentence, resulting in a violation of his federal constitution rights to due process and equal protection. The respondent opposes this ground as procedurally barred because Simmons did not raise the ground in

the state court both at trial and on direct appeal.  In his reply Simmons "concedes that he did not raise this issue before the trial court or on direct appeal." (Doc. 20, p. 17)  Consequently, ground three is unexhausted and procedurally defaulted. Because Simmons satisfies neither the cause and prejudice exception nor the fundamental miscarriage of justice exception to overcome the default, he is not entitled to relief.

Accordingly, Simmons's amended application for the writ of habeas corpus (Doc. 4) is **DENIED**.  The clerk must enter a judgment against Simmons and close this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Simmons is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Simmons must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues she seeks to raise.  See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would

debate either the merits of the claims or the procedural issues, Simmons is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Simmons must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 24, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE